1  Andrew C. Schwartz (State Bar No. 64578)
   Thom Seaton (State Bar No. 62713)
2  **CASPER, MEADOWS, SCHWARTZ & COOK**
   A Professional Corporation
3  California Plaza
   2121 North California Blvd., Suite 1020
4  Walnut Creek, California  94596
   Telephone:     (925) 947-1147
5  Facsimile:      (925) 947-1131

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10

11  JUAN STEWART,                          Case No. **C07-00188 MJJ**

12              Plaintiffs

13      vs.                                **STIPULATION AND [PROPOSED] ORDER
                                           TO FILE FIRST AMENDED COMPLAINT**
14  THE COUNTY OF CONTRA COSTA,
    CALIFORNIA; SHERIFF WARREN RUPF,
15  CONTRA COSTA COUNTY SHERIFF'S
    DEPARTMENT  LIEUTENANT KITTY
16  PARKER, sued in her individual capacity
    and as an employee of Contra Costa
17  County; CONTRA COSTA COUNTY
    SHERIFF'S DEPARTMENT  SERGEANT
18  CHRISTOPHER SIMMONS, sued in his
    individual capacity and as an employee of
19  Contra Costa County; CONTRA COSTA
    COUNTY SHERIFF'S DEPARTMENT
20  DETECTIVES MATTHEW HARRIS,
    LAURIE BAILEY AND NICOLE BOLDEN,
21  AND G. SCHIRO sued in their individual
    capacities and as employees of Contra
22  Costa County; AND DOES ONE though
    ONE HUNDRED, et al.,
23
                Defendants.
24

25       The parties hereby stipulate to the filing of a first amended complaint, a copy of which

26  is attached hereto as Exhibit "A".

27  \ \ \

28  \ \ \

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

1    Dated:  May 31, 2007                    _____/s/ - "Andrew C. Schwartz"_____
2                                            Andrew C. Schwartz, Esq.
                                             CASPER, MEADOWS, SCHWARTZ & COOK
3                                            Attorneys for Plaintiff

4

5    Dated:  May 31, 2007                    _____/s/ - "Janet Holmes"_____
6                                            Janet Holmes, Esq.
                                             Deputy County Counsel
7                                            COUNTY OF CONTRA COSTA
                                             Attorneys for Defendants

8

9            IT IS SO ORDERED that Plaintiff is allowed to file a first amended complaint in the

10   above-entitled matter.

11

12   DATED:_____6/6/07_____              _____
                                             HONORABLE MARTIN J. JENKINS
13                                           United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

_____
Stewart vs. The County Of Contra Costa   C07-0188 MJJ
STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT

EXHIBIT "A"

**STIPULATION AND [PROPOSED] ORDER
TO FILE FIRST AMENDED COMPLAINT**

1   Andrew C. Schwartz (State Bar No. 64578)
Thom Seaton (State Bar No. 62713)

2   **CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation

3   California Plaza
2121 North California Blvd., Suite 1020

4   Walnut Creek, California  94596
Telephone:   (925) 947-1147

5   Facsimile:   (925) 947-1131

6   Attorneys for Plaintiff

7

8             UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10   JUAN STEWART,          Case No. **C07-0188 MJJ**

11          Plaintiffs      **FIRST AMENDED COMPLAINT**
**VIOLATION OF CIVIL RIGHTS**

12      vs.              **42 U.S.C. § 1983**
                        **42 U.S.C. § 1988**

13   THE COUNTY OF CONTRA COSTA,  **VIOLATIONS OF CALIFORNIA STATE**
CALIFORNIA; SHERIFF WARREN RUPF,  **LAW**

14   CONTRA COSTA COUNTY SHERIFF'S
DEPARTMENT  LIEUTENANT KITTY  **JURY TRIAL DEMANDED**

15   PARKER, sued in her individual capacity
and as an employee of Contra Costa

16   County; CONTRA COSTA COUNTY
SHERIFF'S DEPARTMENT SERGEANT

17   CHRISTOPHER SIMMONS, sued in his
individual capacity and as an employee of

18   Contra Costa County; CONTRA COSTA
COUNTY SHERIFF'S DEPARTMENT

19   DETECTIVES MATTHEW HARRIS,
LAURIE BAILEY and NICOLE BOLDEN,

20   AND G. SCHIRO; sued in their individual
capacities and as employees of Contra

21   Costa County; AND DOES ONE though
ONE HUNDRED, et al.,

22           Defendants.

23

24               **JURISDICTION AND VENUE**

25      1.    This complaint seeks damages for the violation by Defendant County Of Contra

26   Costa, California (sometimes, "the County") and County personnel acting under color of law of

27   Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.  Plaintiff

28   brings this action under 42 United States Code § 1983.  Plaintiff also seeks damages under

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ         Page 1
FIRST AMENDED COMPLAINT

1   State law against these Defendants whose conduct gave rise to claims cognizable by

2   California law.

3       2.      The complaint seeks remedies pursuant to Title 42 U.S.C. § 1983.  Jurisdiction

4   is conferred upon the United States District Court by Title 28 U.S.C. §§ 1331 and 1343.  This

5   Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §

6   1367(a).

7       3.      The actions giving rise to defendants' liability, as alleged in this Complaint,

8   occurred in the City of Oakland in the County of Alameda, State of California.  Venue is

9   therefore proper in this Court pursuant to Title 28 U.S.C. § 1391(b), and Local Rule 3-2(d).

10                              **JURY TRIAL DEMAND**

11      4.      Plaintiff hereby demands a jury trial in this action.

12                           **IDENTIFICATION OF PARTIES**

13      5.      This complaint arises from the unconstitutional and improper search, detention

14  and use of excessive force by Contra Costa County Sheriff's Department personnel acting

15  under color of law within the course and scope of their employment with the County.

16      6.      Plaintiff also seek damages under the laws of the State of California for the

17  conduct of Defendants which harmed Plaintiff.

18      7.      On December 21, 2005, Plaintiff Juan Stewart plaintiff resided at 3936 Angelo

19  Avenue in Oakland in California.

20      8.      The County of Contra Costa is a local government entity and a "person" under

21  42 U.S.C. § 1983.  The actions and failures to act which this Complaint alleges against the

22  County were committed by individuals acting in the course and scope of their employment with

23  the County.  The County also is liable under California State law for the actions and inaction of

24  its employees which caused the harm of which Plaintiff complains.

25      9.      At all times relevant, Defendant Warren Rupf was the Sheriff of the County and

26  the County's policymaker responsible for the training of Sheriff's Deputies and Detectives and

27  for the making of policies governing searches, seizures and detentions undertaken by the

28  County's Sheriff's Deputies and Detectives.

CASPER, MEADOWS,
SCHWARTZ & COOK,
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ                                   Page 2
                              FIRST AMENDED COMPLAINT

10.     Sheriff Rupf was the moving force behind the alleged unconstitutional actions of the Sheriff's Deputies and Detectives which Plaintiff alleges in this complaint.  At all times relevant, Sheriff Rupf was acting under color of law and within the course and scope of his employment.  He is sued in his individual capacity.

11.     At all times relevant, Defendant Lieutenant Kitty Parker was a Contra Costa County Sheriff's Deputy and supervisor in the Sheriff's Department.  She was acting under color of law and within the course and scope of her employment.  She is sued in her individual capacity.

12.     At all times relevant, Defendant Sergeant Chris Simmons was a Contra Costa County Sheriff's Deputy and was acting under color of law and within the course and scope of his employment.  He is sued in his individual capacity.

13.     At all times relevant, Defendant Detective Matthew Harris was a Contra Costa County Sheriff's Deputy and was acting under color of law and within the course and scope of his employment.  His badge number was 50399.  He is sued in his individual capacity.

14.     At all times relevant, Defendant Detective Laurie Bailey was a Contra Costa County Sheriff's Deputy and was acting under color of law and within the course and scope of her employment.  Her badge number was 52142.  She is sued in her individual capacity.

15.     At all times relevant, Defendant Detective Nicole Bolden was a Contra Costa County Sheriff's Deputy and was acting under color of law and within the course and scope of her employment.  Her badge number was 60202.  She is sued in his individual capacity.

16.     At all times relevant, Defendant Detective G.   Schiro was a Contra Costa County Sheriff's Deputy and was acting under color of law and within the course and scope of his employment.  His badge number was 60707.  He is sued in his individual capacity.

17.     Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 100, and therefore sue these defendants by such fictitious names.  Plaintiff will amend his complaint when the true names and capacities of DOES 1 through 100 have been ascertained.  Plaintiff is informed and believe, and on that basis allege, that defendants DOES 1 through 100 are responsible in some manner for the injuries suffered and damages incurred

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   by Plaintiff as alleged in this complaint.   Any reference in this complaint to "Defendant,"

2   "Defendants," or to a specifically-named Defendant refer also to Defendants DOES 1 through

3   100.  These Defendants are sued in their official and individual capacities.

4   <center>**Facts Giving Rise To This Complaint**</center>

5   18.    On December 21, 2005, at approximately 6:00 p.m., Plaintiff Juan Stewart was

6   at his home located at 3936 Angelo Avenue in Oakland.

7   19.    While Plaintiff Juan Stewart was at his home, Defendants Simmons, Harris,

8   Bailey, Bolden and Schiro barged into his home with a search warrant for a different address.

9   20.    The officers burst into plaintiff's home with their weapons drawn and forced him

10   down to the ground, holding the barrel of a shotgun against Mr. Stewart's neck.

11   21.    Although Defendants Simmons, Harris, Bailey, Bolden and Schiro possessed

12   no warrant authorizing them to search Mr. Stewart's residence located at 3936 Angelo Avenue

13   in Oakland, these Defendants conducted a full search of the residence.

14   22.    Plaintiff formerly was a member of law enforcement and had identified himself

15   as a former member of a law enforcement agency to the Sheriff's Department employees.

16   Nonetheless Defendants Simmons, Harris, Bailey, Bolden and Schiro continued to restrain

17   and detain Plaintiff while they searched his home.

18   23.    These Defendants were seeking to apprehend individuals who bore no physical

19   resemblance (other than race) to Plaintiff Juan Stewart, other than their African-American

20   race.   Plaintiff Juan Stewart was 49 years old when the Sheriff's Department personnel

21   entered his home.   The individuals they were seeking were over 20 years younger than

22   Plaintiff.

23   24.    As of December 21, 2005, Plaintiff Juan Stewart had never been arrested, had

24   no prior record of arrests or convictions and was not wanted for the commission of any crime.

25   25.    Plaintiff Juan Stewart recently had undergone surgery to his leg, and so

26   advised the officers, but was forced to the ground anyway exacerbating his pre-existing knee

27   injury.

28   26.    Plaintiff Juan Stewart was severely traumatized by this occurrence.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ                                Page 4
FIRST AMENDED COMPLAINT

27.     Following the warrantless entry and search of Mr. Stewart's home, Sergeant Simmons notified Lieutenant Kitty Parker of the incident.  Neither Lieutenant Parker, Sheriff Rupf, nor any other supervisor in the Contra County Sheriff's Department disciplined Defendants Simmons, Harris, Bailey, Bolden and Schiro in any way for their conduct.

28.     In entering Juan Stewart's residence; in restraining and detaining Mr. Stewart and in using excessive force against Mr. Stewart, Defendants Simmons, Harris, Bailey, Bolden and Schiro were acting under color of law and in the course and scope of their employment with Contra Costa County.

29.     Defendants Simmons, Harris, Bailey, Bolden and Schiro did not possess any warrant for the arrest of Juan Stewart or of any an inhabitant of the 3936 Angelo Avenue and did not possess any warrant for the search of 3936 Angelo Avenue, Mr. Stewart's residence.

30.     Defendants Simmons, Harris, Bailey, Bolden and Schiro had no information whatsoever that Juan Stewart may have been involved in, or had any connection to, crimes which precipitated the search of Mr. Stewart's residence.

31.     When Defendants Simmons, Harris, Bailey, Bolden and Schiro entered Mr. Stewart's residence, none of them had any basis to believe that Juan Stewart posed a threat to the physical safety of any Deputy or Detective involved in the entry into the Stewart home.

32.     When Defendants Simmons, Harris, Bailey, Bolden and Schiro entered the Stewart home, none of them possessed any information that Mr. Stewart had ever been involved in criminal conduct.

33.     When Defendants Simmons, Harris, Bailey, Bolden and Schiro, entered the Stewart residence, none of them possessed any information that Mr. Stewart had any intent to destroy evidence.

34.     The entry of Defendants Simmons, Harris, Bailey, Bolden and Schiro into a residence which they had no warrant to search; the placing of a shotgun barrel against Mr. Stewart's neck; the use of excessive force against Plaintiff Juan Stewart; their warrantless restraint and detention of Mr. Stewart who bore no physical resemblance (other than race) to the individuals for whom the officers were searching and who posed no threat whatsoever to

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   Defendants Simmons, Harris, Bailey, Bolden and Schiro; and these Defendants' search of Mr.

2   Stewart's residence without a warrant for the search of his home were consistent with the

3   policies, practices and customs of the Sheriff's Department and resulted from the training or

4   lack thereof provided by the Sheriff's Department to its Deputies and Detectives.

5       35.   Sheriff Warren Rupf, Lieutenant Kitty Parker and Sergeant Christopher

6   Simmons were the moving force behind the policies, practices, customs and training which

7   culminated in the entry of Defendants Simmons, Harris, Bailey, Bolden and Schiro into a

8   residence which they had no warrant to search; the placing of a shotgun barrel against Mr.

9   Stewart's neck; the use of excessive force against Plaintiff Juan Stewart who bore no physical

10  resemblance (other than race) to the individuals for whom the officers were searching; their

11  warrantless restraint and detention of Mr. Stewart who posed no threat whatsoever to

12  Defendants Simmons, Harris, Bailey, Bolden and Schiro; and these Defendants' search of Mr.

13  Stewart's residence without a warrant for the search of his home

14      36.   Sheriff Warren Rupf and Lieutenant Kitty Parker ratified the entry of Defendants

15  Simmons, Harris, Bailey, Bolden and Schiro into a residence which they had no warrant to

16  search; the placing of a shotgun barrel against Mr. Stewart's neck; the use of excessive force

17  against Plaintiff Juan Stewart who bore no physical resemblance (other than race) to the

18  individuals for whom the officers were searching; their warrantless restraint and detention of

19  Mr. Stewart who posed no threat whatsoever to Defendants Simmons, Harris, Bailey, Bolden

20  and Schiro; and these Defendants' search of Mr. Stewart's residence without a warrant for the

21  search of his home

22                          **DAMAGES**

23      37.   As a direct result of the conduct of Defendants, and each of them, Plaintiff

24  suffered violations of his rights protected by, among other enactments, the Fourth Amendment

25  to the United States Constitution; by Article 1, Section 13 of the California Constitution, by

26  California Penal Code §§ 844 and 1531 and by California Civil Code §§ 51.2(b) and 52.

27      38.   Plaintiff also sustained damages from the assault, battery, false imprisonment

28  and the intentional and negligent infliction of emotional distress inflicted on Plaintiff by

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA. 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ                    Page 6
FIRST AMENDED COMPLAINT

1  Defendants Sheriff's Deputies and Detectives acting within the course and scope of their

2  employment with the Contra Costa Sheriff's Department and the County of Contra Costa.

3       39.    Those individually named defendants including, but not limited to, Defendants

4  Simmons, Harris, Bailey, Bolden, Schiro and Does One Through Fifty who participated in the

5  entry and/or search of the Stewart home acted with malice and oppression.    These

6  Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a

7  conscious disregard of Plaintiff's rights or safety.   Defendants' conduct also subjected Plaintiff

8  to cruel and unjust hardship in conscious disregard of Plaintiff's rights.   Plaintiff therefore is

9  entitled to recover exemplary damages from those Defendants.

10      40.    Plaintiff has retained attorneys and investigators to pursue his rights as

11 asserted in this complaint.   Plaintiff is entitled to an award of reasonable attorneys' fees

12 incurred in the prosecution of this action against Defendants County of Contra Costa, Sheriff

13 Warren Rupf, the individual Sheriff's Deputies and  Detectives named as Defendants and

14 DOES 1 through 100 pursuant to 42 U.S.C. § 1988.

15                          **FIRST CLAIM FOR RELIEF**

16    **Against Defendants Simmons, Harris, Bailey, Bolden and Schiro And Does**
                          **One Through Fifty**
17

18                          *42 U.S.C. § 1983*

19      41.    Plaintiffs incorporate paragraphs 1 through 34, 37 and 39-40 of this complaint

20 as though fully alleged *in haec verba* in this claim for relief.

21      42.    The actions of the individual defendants, including Defendants Simmons,

22 Harris, Bailey, Bolden and Schiro, and Does One Through Fifty alleged in paragraphs 16

23 through 26 and 28 through 33 of this complaint, violated Plaintiff's rights protected by the

24 Fourth Amendment to the United States Constitution.   These actions included: the entry of

25 Defendants Simmons, Harris, Bailey, Bolden and Schiro into Plaintiff Juan Stewart's residence

26 which Defendants possessed no warrant to search; the placing of a shotgun barrel against Mr.

27 Stewart's neck; the use of excessive force against Plaintiff Juan Stewart who bore no physical

28 resemblance (other than race) to the individuals for whom the officers were searching; their

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ                                          Page 7
                          FIRST AMENDED COMPLAINT

1    warrantless restraint and detention of Mr. Stewart who posed no threat whatsoever to

2    Defendants Simmons, Harris, Bailey, Bolden and Schiro; and these Defendants' search of Mr.

3    Stewart's residence without a warrant for the search of his home.

4          43.    Those individually named defendants including, but not limited to, who

5    participated in the entry and/or search of the Stewart home and the use of excessive force

6    against Juan Stewart acted with malice and oppression. These Defendants' conduct was

7    intended to harm Plaintiff or was despicable, carried out with a conscious disregard of

8    Plaintiffs' rights or safety. Defendants' conduct also subjected Plaintiff to cruel and unjust

9    hardship in conscious disregard of Plaintiff's rights. Plaintiff therefore is entitled to recover

10    exemplary damages from those Defendants.

11          44.    As a direct result of these violations, Plaintiff sustained special, general and

12    exemplary damages which Plaintiff will establish at trial.

13    **WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

14    <div align="center">**SECOND CLAIM FOR RELIEF**</div>

15    <div align="center">**Contra Costa County Sheriff Warren P. Rupf In His Individual Capacity,**
16    **Lieutenant Kitty Parker, Sergeant Christopher Simmons And Does Fifty**
**One Through One Hundred**</div>

17    <div align="center">*42 U.S.C. § 1983*
18    *(Supervisory Liability)*</div>

19          45.    Plaintiff incorporates paragraphs 1 through 37 and 39 through 44 of this

20    complaint as though fully alleged *in haec verba* in this claim for relief.

21          46.    At all times relevant, Defendant Warren Rupf was the Sheriff of the County and

22    the County's policymaker responsible for the training of Sheriff's Deputies and Detectives

23    assigned to the Department's Investigation Division and for the making of policies governing

24    searches, seizures and detentions undertaken by the County's Sheriff's Deputies and

25    Detectives assigned to the Investigation Division.

26          47.    On information and belief, Plaintiff alleges that Sheriff Rupf may have delegated

27    these policymaking responsibilities to other supervisors and administrators employed in the

28    Sheriff's Department, including, but not limited to, Lieutenant Kitty Parker. To the extent such

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ          Page 8
FIRST AMENDED COMPLAINT

1   delegation occurred, those administrators acted as the County's policymakers responsible for

2   the supervision of the Sheriff's Deputies and Detectives whose actions allegedly violated

3   Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.  Plaintiff

4   is unaware of the names of these supervisors and administrators, other than Lieutenant Kitty

5   Parker, and they are sued as Does Fifty One through One Hundred.

6        48.    Sheriff Rupf, Lieutenant Kitty Parker, Sergeant Christopher Simmons and Does

7   Fifty One through One Hundred were the moving force behind the alleged unconstitutional

8   acts of the Sheriff's Deputies and Detectives which Plaintiff alleges in this complaint.  At all

9   times relevant, Sheriff Rupf, Lieutenant Parker, Sergeant Simmons and Does Five-One

10  through One Hundred were acting under color of law and within the course and scope of their

11  employment.

12       49.    Sergeant Christopher Simmons and Does Fifty One through Seventy Four led

13  the group of Contra Costa County Sheriff's Deputies and Detectives, including, but not limited

14  to Harris, Bailey, Bolden and Schiro And Does One through Fifty, whose actions are described

15  in paragraphs 16 through 26 and  28 through 33 of this complaint.

16       50.    Sergeant Christopher Simmons and Does Fifty One through Seventy Four set

17  in motion and directed that series of acts committed by subordinates alleged in this complaint

18  which the Sergeant Simmons knew or should have known would cause those subordinates to

19  violate the Plaintiff's constitutional rights.   Sergeant Simmons also acquiesced in the

20  constitutional violations committed by their subordinates.

21       51.    Sergeant Simmons and other supervisors who led the team of Sheriff's

22  Deputies and Detectives who inflicted the constitutional injury alleged in this complaint were

23  responsible for ensuring that the Sheriff's Deputies and Detectives acted with lawful authority

24  and acted within the boundaries set by the Constitution, particularly the Fourth Amendment.

25  Sergeant Simmons and other supervisors are liable for failing to control their subordinates and

26  for failing to ensure that the Plaintiff's rights were not violated.

27  \ \ \

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ                                      Page 9
FIRST AMENDED COMPLAINT

52.     Sheriff Warren Rupf, Lieutenant Kitty Parker, Sergeant Christopher Simmons and Does Seventy-Five through One Hundred were the moving force behind the policies, practices, customs and training which culminated in the entry of Defendants Simmons, Harris, Bailey, Bolden and Schiro into a residence which they had no warrant to search; the placing of a shotgun barrel against Mr. Stewart's neck; the use of excessive force against Plaintiff Juan Stewart who bore no physical resemblance (other than race) to the individuals for whom the officers were searching; their warrantless restraint and detention of Mr. Stewart who posed no threat whatsoever to Defendants Simmons, Harris, Bailey, Bolden and Schiro; and these Defendants' search of Mr. Stewart's residence without a warrant for the search of his home.

53.     Sheriff Warren Rupf, Lieutenant Kitty Parker and Does Seventy Five through One Hundred ratified the entry of Defendants Simmons, Harris, Bailey, Bolden and Schiro into a residence which they had no warrant to search; the placing of a shotgun barrel against Mr. Stewart's neck; the use of excessive force against Plaintiff Juan Stewart who bore no physical resemblance (other than race) to the individuals for whom the officers were searching; their warrantless restraint and detention of Mr. Stewart who posed no threat whatsoever to Defendants Simmons, Harris, Bailey, Bolden and Schiro; and these Defendants' search of Mr. Stewart's residence without a warrant for the search of his home.

54.     Sergeant Christopher Simmons and other supervisors who led the team of Sheriff's Deputies and Detectives who inflicted the constitutional injury alleged in this complaint and participated in the entry and/or search of the Stewart home acted with malice and oppression.  These Defendants' conduct was intended to harm Plaintiff Juan Stewart or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety. Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Plaintiff therefore is entitled to recover exemplary damages from those Defendants.

55.     As a direct result of the actions of Sheriff Rupf, Lieutenant Parker, Sergeant Simmons and Does Fifty One through One Hundred, Plaintiff sustained harm and the special, general and exemplary damages which Plaintiff will establish at trial.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

## THIRD CLAIM FOR RELIEF

### County Of Contra Costa, California

*42 U.S.C. § 1983*
*(Monell Claim)*

56.     Plaintiff incorporates paragraphs 1 through 37 and 39 through 55 of this complaint as though fully alleged *in haec verba* in this claim for relief.

57.     At all times relevant, it was the policy, practice and custom of the County of Contra Costa, acting through its policymakers and agents to violate the Fourth Amendment to the Constitution as described in this complaint.   Those violations which constituted County policy included, but were not limited to: the entry of Sheriff's Department Deputies and Detectives into residences which they had no warrant to search; the placing of weapons against the body of residents of homes entered without a warrant authorizing the entry into the home (even when such residents bore no physical resemblance (other than race) to the individual the Sheriff's Department personnel sought and posed no threat to Sheriff's Department personnel; the use of excessive force against those present at the time of the entry and search regardless of the absence of any threat posed by such residents; the restraining and detaining of individuals in such residences even when those individuals bear no physical resemblance (other than race) to the individuals sought by the Sheriff's Department personnel; and the search of private dwellings without a warrant authorizing such a search.

58.     The failure of policymaker Sheriff Warren Rupf and those he delegated to make and enforce County policy to discipline those supervisors and Sheriff's Deputies and Detectives who violated Plaintiff's Fourth Amendment rights ratified that unconstitutional conduct and further confirmed that the violation of Plaintiff's rights in this case represented County policy.   The County's policies, practices and customs were the moving force behind the violation of Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ
FIRST AMENDED COMPLAINT

Page 11

59.     At all times relevant, County Policymaker Sheriff Rupf, and those deemed County policymakers by virtue of delegation of policy making responsibility by Sheriff Rupf (including Lieutenant Kitty Parker and others) were aware of the necessity that the Sheriff's Department properly train Sheriff's Deputies and Detectives to refrain from violating the Fourth Amendment of individuals residing in the homes which Sheriff's Department personnel would search.

60.     At all times relevant, it was obvious that the Sheriff's Department must properly train Sheriff's Deputies and Detectives to refrain from violating the Fourth Amendment rights of individuals and that such training must include at a minimum the requirements that Sheriff's Deputies and Detectives do not enter homes without a warrant; that Sheriff's Deputies and Detectives must not place their firearms against the head or body of unarmed individuals residing in such homes adults in the absence of any threat of harm such individuals posed to them; that Sheriff's Deputies and Detectives refrain from using excessive force against individuals residing in homes that Sheriff's Deputies and Detectives search; and that Sheriff's Deputies and Detectives do not improperly and unjustifiably restrain and detain members of a household entered without a warrant and that Sheriff's Department personnel do not search residences of individuals without a warrant authorizing such a search.

61.     At all times relevant, it was obvious that the failure to provide such training would result in violations of the Fourth Amendment to the United States Constitution.

62.     At all times relevant, County policymaker Sheriff Rupf and those deemed County policymakers (including Lieutenant Kitty Parker and others) by virtue of delegation of policy-making responsibility by Sheriff Rupf were aware that Sheriff's Deputies and Detectives regularly would engage in the searching of private homes.

63.     At all times relevant, it was obvious that the failure to provide such training reflected a deliberate indifference to the protection of the rights guaranteed by the Fourth Amendment to the United States Constitution.

64.     The failure by the County of Contra Costa, acting through its Sheriff's Department and policymakers, to properly train its Sheriff's Deputies and Detectives to refrain

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1  from committing the violations of the Fourth Amendment to the United States Constitution

2  caused the alleged unconstitutional actions of the Sheriff's Deputies and Detectives which

3  Plaintiff alleges in this complaint.

4       65.    In furtherance of the unconstitutional policies and practices of the County of

5  Contra Costa, Sheriff Warren Rupf, Lieutenant Kitty Parker and Does Seventy Five through

6  One Hundred ratified the entry of Defendants Simmons, Harris, Bailey, Bolden and Schiro into

7  a residence which they had no warrant to search; the placing of a shotgun barrel against Mr.

8  Stewart's neck; the use of excessive force against Plaintiff Juan Stewart who bore no physical

9  resemblance (other than race) to the individuals for whom the officers were searching; their

10 warrantless restraint and detention of Mr. Stewart who posed no threat whatsoever to

11 Defendants Simmons, Harris, Bailey, Bolden and Schiro; and these Defendants' search of Mr.

12 Stewart's residence without a warrant for the search of his home.

13      66.    Sheriff Rupf and other policymakers, acting in furtherance of the

14 unconstitutional practices and policies of the County of Contra Costa had ratified similar

15 unconstitutional conduct of Sheriff's Department personnel in at least one other recent

16 instance as well.

17      67.    As a direct result of the actions of Contra Costa County, including the

18 maintenance and enforcement of its unconstitutional policies and practices, the failure to train

19 its personnel and the ratification of the unconstitutional policies and practices of its personnel

20 in this and other instances, Plaintiff sustained harm and the special and general damages

21 which Plaintiff will establish at trial.

22 **WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### FOURTH CLAIM FOR RELIEF

**Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does
One Through Fifty And The County Of Contra Costa**

*Trespass*

     68.    Plaintiff incorporates paragraphs 1 through 39 of this complaint as though fully

alleged *in haec verba* in this claim for relief.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ
FIRST AMENDED COMPLAINT

Page 13

69.    On July 26, 2006, the County of Contra Costa received the government claims Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq. and a stipulation of the parties.    Contra Costa County denied the claims on August 15, 2006.

70.    The individual County employees committed their alleged actions in the course and scope of their employment as County employees.  The employees are liable pursuant to California Government Code § 820.1(a) which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  The County of Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

71.    On December 21, 2005, Plaintiff was the lawful occupant of the private dwelling located at 3936 Angelo Avenue in Oakland in California.

72.    On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden and Schiro, and Does One Through Fifty acting without a warrant issued by a magistrate authorizing a search of 3936 Angelo Avenue in Oakland in California, and without Plaintiff's prior approval, intentionally, recklessly or negligently entered Plaintiff's dwelling located at 3936 Angelo Avenue in Oakland in California.

73.    The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

74.    The individually named defendants acted with malice and oppression.  These Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ

FIRST AMENDED COMPLAINT

Page 14

## FIFTH CLAIM FOR RELIEF

**Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does
One Through Fifty And The County Of Contra Costa**

*False Imprisonment*

75.    Plaintiff incorporates paragraphs 1 through 39 of this complaint as though fully alleged *in haec verba* in this claim for relief.

76.    On July 26, 2006, the County of Contra Costa received the government claims Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq. and a stipulation of the parties.    Contra Costa County denied the claims on August 15, 2006.

77.    The individual County employees committed their alleged actions in the course and scope of their employment as County employees.  The employees are liable pursuant to California Government Code § 820.1(a) which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  The County of Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

78.    On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden Schiro, and Does One through Fifty acting without a warrant issued by a magistrate authorizing a search of 3936 Angelo Avenue in Oakland in California, intentionally deprived Plaintiff of his freedom of movement.

79.    These Defendants prohibited Plaintiff from moving freely within the home or from leaving the dwelling.

80.    These Defendants deprived Plaintiff of this freedom of movement by use of force, threats of force, and unreasonable duress.

81.    Plaintiff did not consent to his false imprisonment.

82.    Government Code § 820.4 states that government employees are not immune

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA. 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ
FIRST AMENDED COMPLAINT

Page 15

1   from liability for false imprisonment.

2       83.     The actions of these Defendants, and each of them, was a substantial factor in

3   causing Plaintiff to sustain harm and the special and general damages which Plaintiff will

4   establish at trial.

5       84.     The individually named Defendants acted with malice and oppression.  These

6   Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a

7   conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff

8   to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

9   **WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### SIXTH CLAIM FOR RELIEF

**Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does
One Through Fifty And The County Of Contra Costa**

*Assault*

14      85.     Plaintiffs incorporate paragraphs 1 through 39 of this complaint as though fully

15  alleged *in haec verba* in this claim for relief.

16      86.     On July 26, 2006, the County of Contra Costa received the government claims

17  Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California

18  Government Code §§ 910 et seq. and a stipulation of the parties.    Contra Costa County

19  denied the claims on August 15, 2006.

20      87.     The individual County employees committed their alleged actions in the course

21  and scope of their employment as County employees.  The employees are liable pursuant to

22  California Government Code § 820.1(a) which renders a public employee liable for injury

23  caused by his or her act or omission to the same extent as a private person.  The County of

24  Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity

25  liable for injury proximately caused by an act or omission of an employee of a public entity

26  within the scope of his or her employment if the act or omission would give rise to a cause of

27  action against the public employee.

28      88.     On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden Schiro,

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*    C07-0188 MJJ                          Page 16
FIRST AMENDED COMPLAINT

1   and Does One Through Fifty intended to harm or come into offensive contact with Plaintiff.

2   89.   Plaintiff reasonably apprehended that Defendants were about to touch him in a

3   harmful or offensive manner.

4   90.   Defendants also threatened to touch Plaintiff in a harmful or offensive manner

5   and Plaintiff reasonably apprehended that each Defendant was about to carry out that threat.

6   91.   Plaintiff did not consent to the conduct of any of the Defendants.

7   92.   The actions of these Defendants, and each of them, was a substantial factor in

8   causing Plaintiff to sustain harm and the special and general damages which Plaintiff will

9   establish at trial.

10   93.   The individually named defendants acted with malice and oppression.   These

11   Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a

12   conscious disregard of Plaintiff's rights or safety.   Defendants' conduct also subjected Plaintiff

13   to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

14   **WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

15   ### SEVENTH CLAIM FOR RELIEF

16   **Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does**
**One Through Fifty And The County Of Contra Costa**

17

18   ### *Battery*

19   94.   Plaintiff incorporates paragraphs 1 through 39 and 86 through 93 of this

20   complaint as though fully alleged *in haec verba* in this claim for relief.

21   95.   On July 26, 2006, the County of Contra Costa received the government claims

22   Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California

23   Government Code §§ 910 et seq. and a stipulation of the parties.   Contra Costa County

denied the claims on August 15, 2006.

24

25   96.   The individual County employees committed their alleged actions in the course

26   and scope of their employment as County employees.   The employees are liable pursuant to

27   California Government Code § 820.1(a) which renders a public employee liable for injury

28   caused by his or her act or omission to the same extent as a private person.   The County of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ                    Page 17
FIRST AMENDED COMPLAINT

1   Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity

2   liable for injury proximately caused by an act or omission of an employee of a public entity

3   within the scope of his or her employment if the act or omission would give rise to a cause of

4   action against the public employee.

5       97.    On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden Schiro,

6   and Does One Through Fifty touched or caused the Plaintiff Juan Stewart to be touched with

7   the intent of harming or offending Plaintiff.

8       98.    Plaintiff did not consent to the conduct of any of the Defendants.

9       99.    The actions of these Defendants, and each of them, was a substantial factor in

10  causing Plaintiff to sustain harm and the special and general damages which Plaintiff will

11  establish at trial.

12      100.   The individually named defendants acted with malice and oppression.  These

13  Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a

14  conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff

15  to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

16  **WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

17

18                      **EIGHTH CLAIM FOR RELIEF**

19  **Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does
    One Through Fifty And The County Of Contra Costa**

20          *Intentional Infliction Of Emotional Distress*

21      101.   Plaintiff incorporates paragraphs 1 through 39 and 66 through 100 of this

22  complaint as though fully alleged *in haec verba* in this claim for relief.

23      102.   On July 26, 2006, the County of Contra Costa received the government claims

24  Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California

25  Government Code §§ 910 et seq. and a stipulation of the parties.   Contra Costa County

26  denied the claims on August 15, 2006.

27      103.   The individual County employees committed their alleged actions in the course

28  and scope of their employment as County employees.  The employees are liable pursuant to

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ                    Page 18
FIRST AMENDED COMPLAINT

California Government Code § 820.1(a) which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person. The County of Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

104.    On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden Schiro, and Does One Through Fifty either engaged in outrageous conduct intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress

105.    Plaintiff suffered severe emotional distress.

106.    Each Defendant's conduct was a substantial factor in causing the alleged severe emotional distress.

107.    The individually named Defendants acted with malice and oppression. These Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety. Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### NINTH CLAIM FOR RELIEF

**Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does
One Through Fifty And The County Of Contra Costa**

#### *Negligent Infliction Of Emotional Distress*

108.    Plaintiffs incorporate paragraphs 1 through 38 of this complaint as though fully alleged *in haec verba* in this claim for relief.

109.    On July 26, 2006, the County of Contra Costa received the government claims Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq. and a stipulation of the parties.    Contra Costa County denied the claims on August 15, 2006.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

110. The individual County employees committed their alleged actions in the course and scope of their employment as County employees. The employees are liable pursuant to California Government Code § 820.1(a) which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person. The County of Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

111. On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden Schiro, and Does One Through Fifty were negligent in doing the acts alleged in this c omplaint.

112. Plaintiff was injured as a result of that negligence.

113. As a proximate result of that negligence, Plaintiff suffered severe emotional distress.

114. Each Defendant's conduct was a substantial factor in causing the alleged severe emotional distress.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### TENTH CLAIM FOR RELIEF

**Against Defendants Simmons, Harris, Bailey, Bolden and Schiro, Does One Through Fifty And The County Of Contra Costa**
*California Civil Code §§ 52, 52.1*

115. Plaintiff incorporates paragraphs 1 through 114 of this complaint as though fully alleged *in haec verba* in this claim for relief.

116. On July 26, 2006, the County of Contra Costa received the government claims Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq. and a stipulation of the parties. Contra Costa County denied the claims on August 15, 2006.

117. The individual County employees committed their alleged actions in the course and scope of their employment as County employees. The employees are liable pursuant to California Government Code § 820.1(a) which renders a public employee liable for injury

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA. 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ
FIRST AMENDED COMPLAINT

Page 20

1    caused by his or her act or omission to the same extent as a private person.  The County of

2    Contra Costa is liable pursuant to Government Code § 815.2 which renders a public entity

3    liable for injury proximately caused by an act or omission of an employee of a public entity

4    within the scope of his or her employment if the act or omission would give rise to a cause of

5    action against the public employee.

6        118.    On December 21, 2005, Defendants Simmons, Harris, Bailey, Bolden Schiro,

7    and Does One Though Fifty, using threats, coercion and intimidation, interfered with and

8    threatened to interfere with the Plaintiff's rights guaranteed by the Fourth Amendment to the

9    United States Constitution and Art. 1, § 13 of the California Constitution.

10       119.    The actions of these Defendants, and each of them, was a substantial factor in

11   causing Plaintiff to sustain harm and the special and general damages which Plaintiff will

12   establish at trial.

13       120.    The individually named Defendants acted with malice and oppression.  These

14   Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a

15   conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff

16   to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Plaintiff is entitled to

17   such statutory damages allowed by California Civil Code §§ 51.2(b) and 52.

18   **WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

19       1.    For general, pecuniary and special damages, according to proof;

20       2.    For exemplary damages against all Defendants except the County of

21   Contra Costa and Sheriff Warren Rupf,

22       3.    For statutory damages pursuant to California Civil Code §§ 52.1 and 52,

23       4.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on

24   Plaintiff's First, Second and Third Claims For Relief.

25       5.    For reasonable attorney's fees pursuant to California Civil Code §§ 51.2

26   and 52 on Plaintiff's Tenth Claim For Relief.

27       6.    For prejudgment interest pursuant to Civil Code section 3288, or as

28   otherwise permitted by law;

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Stewart vs. The County Of Contra Costa*   C07-0188 MJJ                                          Page 21
FIRST AMENDED COMPLAINT

1        7.    For costs of suit; and

2        8.    For such other and further relief as the court may deem just and proper.

3

4    Dated: May 31, 2007                    _____

5                                           Andrew C. Schwartz
                                            Thom Seaton
6                                           CASPER, MEADOWS, SCHWARTZ & COOK
                                            Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

Stewart vs. The County Of Contra Costa    C07-0188 MJJ                    Page 22
                          FIRST AMENDED COMPLAINT